**Michael DOKTOREZTK,**
**Plaintiff–Appellant,**

v.

**S. MORALES, Correctional Officer,**
**Defendant–Appellee.**

No. 11–55657.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Jan. 3, 2013.

Michael Doktoreztk, San Diego, CA, pro se.

Susan Eileen Coleman, Esquire, Senior Litigation, Mitchell Aaron Wrosch, Burke Williams & Sorensen, LLP, Los Angeles, CA, for Defendant–Appellee.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

California state prisoner Michael Doktoreztk appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety in connection with an assault by other inmates. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Universal Health Servs., Inc. v. Thompson,* 363 F.3d 1013, 1019 (9th Cir.2004). We affirm.

The district court properly granted summary judgment because Doktoreztk failed to raise a genuine dispute of material fact as to whether Morales knew of and disregarded an excessive risk to his safety. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (claim of deliberate indifference requires showing that "the officer [knew] of and disregard[ed] an excessive risk to inmate ... safety").

The district court did not abuse its discretion in failing to consider a declaration by another inmate because the inmate lacked personal knowledge of the events at issue. *See Block v. City of Los Angeles,* 253 F.3d 410, 416, 419 (9th Cir.2001) (reviewing for an abuse of discretion and explaining that a court may consider declarations for purposes of summary judgment only if they are made on personal knowl-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

edge and sets out facts that would be admissible in evidence).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.